UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Criminal N0. 07-123 (RL) |
| | : | |
| DAMION CAMPBELL | : | |

DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO TRANSFER CASES

Pursuant to Local Criminal Rules ("LCrR") 47 and 57, and F. R. Cr. P. 47, defendant Damion Campbell, by his attorney, Gary M. Sidell, hereby submits his opposition to the Government's motion to transfer this case to the Honorable James Robertson. As grounds for his opposition, Mr. Campbell states the following:

1. On May 9, 2007, a six (6) count indictment was unsealed against Mr. Campbell. That indictment, while including a total of six (6) offenses, involved charges of both distribution of cocaine and distribution of cocaine *within 1000 feet of a school* on each of three (3) dates: May 9, 2002, June 13, 2002 and July 2, 2002.[1]  21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) and 860. Moreover, only Mr. Campbell is charged in this indictment.

2. In contrast to this case, on May 18, 2007, a grand jury returned an indictment in case 07-131 against 16 people on a total of 76 counts for violations of conspiracy to distribute narcotics, distribution of narcotics, distribution of narcotics within 1000 feet of a school, use of a communications facility for narcotics distribution and witness tampering. 21 U.S.C. §§ 841(a)(1),

---

[1] Mr. Campbell expects that a motion to dismiss the first two (2) counts, which allegedly occurred on May 9, 2002, will be forthcoming as a violation of the statute of limitations and/or his speedy trial rights. 18 U.S.C. §§ 3282(a), 3174.

(b)(1)(B)(iii), 860, 843(b) and 18 U.S.C. § 1512(c)(2).  Counsel understands that in none of the charges in that case are the dates of May 9, 2002, June 13, 2002 or July 2, 2002 involved.  Moreover, counsel understands that the time period covered in the indictment for case 07-131 runs from 1999 until 2007.  Finally, case 07-131 involves approximately 49,000 wiretap activations, whereas in this case, counsel has not received any information about any interceptions at all.

       3.       Local Rule 57.12 requires that any "related" case subsequently filed will be assigned to the judge with the oldest case.  LCrR 57.12 (c)(1).  Moreover, by rule, cases are "related" where: (1) a superceding indictment has been filed; (2) more than one indictment has been filed against the same defendant(s); or (3) prosecution against different defendants arises from a common wiretap, search warrant or activities part of the same alleged criminal event or transaction.  LCrR 57.12(a)(1).

       4.       In Mr. Campbell's case, there is *no* superceding indictment.  Moreover, counsel is unaware that there has been a superceding indictment in case 07-131 since that indictment was returned on May 18, 2007, some 40 days ago.  Similarly, Mr. Campbell is unaware that the indictment in case 07-131 names him as a defendant.  If it does, he has yet to be arraigned on, let alone informed of, it.  FRCrP 4, 5, 10.  Finally, Mr. Campbell suggests that his prosecution, and that of the 16 defendants in case 07-131, do not result from a "common wiretap" since no such information has been provided to counsel, or from a common "search warrant" since the allegations against Mr. Campbell appear to be simply three (3) discreet alleged sales, presumably to an undercover police or law enforcement officer, none of the dates for which appear in case 07-131, "activities part of the same alleged criminal event or transaction.."  As noted above, Mr. Campbell, alone, is charged on three (3) distinct dates five (5) years ago with apparent undercover sales.  Hence, he is hard pressed to conclude that these three (3) events are part of the "same

alleged criminal event or transaction" involved with the 76 indicted offenses against 16 other people spanning a time period of eight (8) years duration, particularly since the three (3) dates for which Mr. Campbell is charged do not even appear in case 07-131's indictment. By definition, therefore, the charges against Mr. Campbell can not possibly be the "same . . . event or transaction."

     5.    Even if it is assumed that, somehow, Mr. Campbell's individual case is "related" to case 07-131, he submits that judicial economy, as well as his own interests, compel denial of the prosecution's request to transfer this case. Given the three (3) dates with charges against Mr. Campbell, compared with the kitchen sink approach in case 07-131 for both charges and defendants, Mr. Campbell submits that his case would not properly be subject to joinder under FCrP 8(b). Similarly, were Mr. Campbell's case somehow to be joined with case 07-131 and its 16 defendants, he submits that he would have a meritorious severance motion by being lumped into a 16 co-defendant case where no one else is charged with those offenses he faces. His indictment covers merely an eight (8) week time period more than five (5) years ago, not something spanning eight (8) years duration. Moreover, whatever acts occurred on these three (3) dates apparently involved solely Mr. Campbell since no one is a co-defendant in this case. Finally, no wire activations are involved, to counsel's knowledge, in Mr. Campbell's case, but there exist approximately 49,000 such activations in case 07-131. Mr. Campbell, should his case be joined with the 16 defendants, would, by definition, incur prejudice sitting throughout a lengthy trial during the presentation of hundreds, or more, wire activations which do not involve him. Indeed, instructing a jury, repeatedly, to disregard all the activations expected to be played during the trial of 16 co-defendants since they do not involve Mr. Campbell would be a hollow warning.

Based on the foregoing, Mr. Campbell submits that there is no reason to transfer his case due to the failure to satisfy the local rules. Indeed, Mr. Campbell's case is the oldest one and, by rule should to be transferred anywhere.[2] Alternatively, Mr. Campbell submits that judicial economy and his own interests would be ill-served by joining this case with case 07-131 since that process would multiple both the time and effort required on behalf of Mr. Campbell, rather than continuing the current assignment of this case. Therefore, Mr. Campbell submits that the motion to transfer this case as filed by the prosecution should be denied.

                                              Respectfully submitted,

                                       _____/s/_____
                                       Gary M. Sidell
                                       1101 Connecticut Ave., NW
                                       Suite 1000
                                       Washington, D.C. 20036
                                       D.C. Bar No. 961847
                                       202-783-0060
                                       202-331-9666 (facsimile)
                                       suitcase@erols.com

### CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served upon all parties to this case this 27th day of June, 2007, this opposition by ECF.

                                       _____/s/_____
                                       Gary M. Sidell

---

[2] Counsel is loath to suggest that case 07-131, as the more recent case, be transferred to this Honorable Court and does not do so in this pleading.