UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Criminal N0. 07-123(JR) |
| | : | |
| DAMION CAMPBELL | : | |

NOTICE OF FILING DISCOVERY REQUEST

The clerk will please note the filing of the attached discovery request which was served by first class mail previously upon assistant United States attorney Arvind Lal, Esq.

                                          Respectfully submitted,

                                          _____
                                          Gary M. Sidell
                                          1101 Connecticut Ave., NW
                                          Suite 1000
                                          Washington, D.C. 20036

EFFECTIVE Monday, July 30, 2007:    1776 K Street, NW
                                            Suite 800
                                          Washington, D.C. 20006
                                          D.C. Bar No. 961847
                                          202-783-0060
                                          202-331-9666 (facsimile)
                                          suitcase@erols.com

GARY M. SIDELL
ATTORNEY AT LAW
1101 CONNECTICUT AVENUE, NW.
SUITE 1000
WASHINGTON, D.C. 20036

(202) 783-0060
FAX (202) 331-9666
suitcase@erols.com

July 13, 2007

Arvind Lal, Esq.
Assistant United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530

Re: United States v. Damion Campbell
Criminal No. 07-123 (JR)

Dear Mr. Lal:

      On behalf of my client, Mr. Damion Campbell, I am requesting the prompt provision of the following discovery materials for preparation of Mr. Campbell's case, as based on F.R.Cr.P. 16(a) and 26.2, Brady v. Maryland, 373 U.S. 83 (1963), and any other applicable rules, statutes or associated authority:

    1.    Statements of the Defendant

      Pursuant to F.R.Cr.P. 16(a)(1)(A) and (B), I request disclosure of all copies of any written or recorded statements in your possession, custody, control or knowledge[1] and made by the defendant; the substance of any such statement by the defendant that the prosecution intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statement(s) whether or not the prosecution intends to introduce them at trial; any written summaries of the defendant's oral statements contained in any handwritten notes of any government agent; any statements that may have been given by the defendant in response to any Miranda warnings, United States v. McElroy, 697 F.2d 459 (2d Cir. 1982); and any other statements by the defendant that are discoverable under F.R.Cr.P. 16(a)(1)(A). The statements sought by this request include those intended for either substantive or impeachment use at trial, and include all law enforcement agency reports resulting from the defendant's arrest.

    2.    Defendant's Prior Criminal Record

      A complete copy of any prior criminal record for the defendant that is within the prosecution's possession, custody or control. F.R.Cr.P. 16(a)(1)(D).

---

[1] This should include statements in the possession or control of the Metropolitan Police Department, United States Park Police, Federal Bureau of Investigation, Drug Enforcement Administration, and any other law enforcement agency involved with the investigation or prosecution of this case.

Discovery Request
Page two

      3.      <u>Arrest Reports, Notes and Dispatch Tapes</u>

The defendant specifically requests that the prosecution disclose all reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or questioning.  This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents or media that contain the defendant's statements or any other discovery material in accordance with F.R.Cr.P. 16(a)(1)(A) and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963); <u>Loux v. United States</u>, 389 F.2d 911 (9th Cir. 1968); <u>United States v. Johnson</u>, 525 F.2d 999 (2d Cir. 1975); <u>United States v. Lewis</u>, 511 F.2d 798 (D.C. Cir. 1975); <u>United States v. Pilnick</u>, 267 F. Supp. 791 (S.D.N.Y. 1967).  Arrest reports, investigators' notes, memos from arresting officers, dispatch tapes, sworn statements and prosecution reports about the defendant are discoverable under the provisions of F.R.Cr.P. 16(a)(1)(B) and (C), and 26.2 and 12(i).  The defendant expressly requests that the prosecution collect and preserve any an all rough notes whether or not they are deemed discoverable at this time.  See, <u>United States v. Perry</u>, 153 U.S. App. D.C. 89, 471 F.2d 1057 (1972); <u>United States v. Bryant</u>, 142 U.S. App. D.C. 132, 439 F.2d 642, <u>aff'd after remand</u>, 145 U.S. App. D.C. 259, 448 F.2d 1182; <u>Johnson v. United States</u>, 336 A.2d 545 (D.C. 1981); <u>Montgomery v. United States</u>, 384 A.2d 655 (D.C. 1978)(in camera inspection in accordance with <u>United States v. Jackson</u>, 430 A.2d 1380 (D.C. 1980)).

      4.      <u>Tangible Objects</u>

The defendant requests to inspect, copy/photograph any books, papers, documents, photographs, line up or photo array photographs shown to potential witnesses, videotapes, audio tapes, "mug" shots, tangible objects, currency, buildings or places, motor vehicles, or copies under the control of the prosecution which are material to the preparation of any defense or are intended to be used by the prosecution in its case in chief or which were taken from, or belong or are attributed to, the defendant.  If you intend to use any of the above which is not within the possession, custody or control of the prosecution, I request that you provide me with the name, address and telephone number of the individual or entity where any such item may be located.  F.R.Cr.P. 16(a)(1)(E).  This category also includes the opportunity to inspect, etc., all evidence or items seized as the result of any search, whether with, or without, a warrant.

      5.      <u>Test Results</u>

The defendant requests the provision of copies of any reports of mental or physical examinations or results of any scientific tests or experiments prepared or obtained in connection with this case, including, but not limited to, fingerprint analyses, chemical analyses (DEA-7's), voice identifications, toolmark analyses, ballistics tests, hair and/or fiber analyses, or any other form of test or analysis for this case.  F.R.Cr.P. 16(a)(1)(F).

      6.      <u>Expert Witnesses</u>

The defendant requests disclosure for all prosecution expert witnesses of their identities, qualifications, opinions, bases and reasons for those opinions.  F.R.Cr.P. 16(a)(1)(G).

Discovery Request
Page three

      7.      Jencks Act Statements

Consistent with the American Bar Association Standards Relating to Discovery and Procedure Before Trial and United States v. Sabastion, 497 F.2d 1267, 1270 (2nd Cir. 1970), to facilitate an orderly and smooth flowing trial, to avoid unnecessary delay once the jury is empanelled and to avoid inconvenience to the Court, I am requesting the provision of any witness statement(s) for those intended to be called as prosecution witnesses at least 21 days before trial. F.R.Cr.P. 26.2; Jencks v. United States, 353 U.S. 657; 18 U.S.C. § 3500; Duncan v. United States, 126 U.S. App. D.C. 371, 379 F.2d 148 (1967); In Re S.W.B., 321 A.2d 546 (1976). It is expected that Jencks materials will include notes taken by you or any other prosecutors while interviewing prosecution witnesses in accordance with Goldberg v. United States, 425 U.S. 94 (1976); Middleton v. United States, 401 A.2d 109 (1976) and Sanders v. United States, 114 U.S. App. D.C. 345, 316 F.2d 346 (1963); summaries of statements prepared by clerks in accordance with Williams v. United States, 119 U.S. App. D.C. 177, 338 F.2d 286 (1964); rough notes of police officers and investigators in accordance with United States v. Bundy, 153 U.S. App. D.C. 191, 472 F.2d 1266 (1972); and police forms, reports, and radio runs in accordance with Montgomery v. United States, 384 A.2d 655 (D.C. 1978) and Clancy v. United States, 365 U.S. 312 (1961). Police reports included in this Jencks request include reports prepared on any juvenile arrested along with my client, including the case number of the juvenile proceeding.

      8.      Giglio Information

The defendant requests that the prosecution provide, at least 21 days prior to trial, the following information: the prior criminal record of all witnesses expected to be called by the prosecution including juvenile records, Lewis v. United States, 393 A.2d 109, 118 (D.C. 1978) and Davis v. Alaska, 415 U.S. 308 (1974); the substance of any promises, privileges, immunities or preferential treatment offered to, or expected to be received by, any prosecution witness at trial, whether express or implied, and any other information which could arguably be used for the impeachment of any prosecution witness. Giglio v. United States, 405 U.S. 150 (1972); Merriweather v. United States, 466 A.2d 853 (D.C. 1983); Lewis v. United States 408 A.2d 303 (D.C. 1979).

      9.      Other Crimes Evidence

The defendant requests the provision of any evidence intended to be offered against him, pursuant to Drew v. United States, 118 U.S. App. D.C. 11, 331 F.2d 85 (1964) and F.R.E. 404(b). Any information satisfying this category of information is requested to be provided upon receipt and, in any event, not less than four (4) weeks prior to trial so that appropriate investigation of such evidence may be conducted and any appropriate pleadings may be submitted so that there may be a resolution of use of any disputed evidence in advance of trial.

Discovery Request
Page four

10. Brady Information

On behalf of my client, I make a general demand for all exculpatory material discoverable under the provisions of Brady v. Maryland, 383 U.S. 83 (1963) and its progeny, as well as impeachment information. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). Additionally, I request the following specific Brady materials:

A. All photographs used in any photo array;
B. Any prior false allegation(s) of criminal conduct by any of the prosecution witnesses. Giles v. Maryland, 386 U.S. 66 (1967); Brooks v. United States, 396 A.2d 200 (D.C. 1978);
C. The names, addresses and telephone number of any witness(es) who has/have made an arguably favorable statement concerning the defendant. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979);
D. The names, addresses and telephone number of all witness(es) who has/have failed to identify my client from a line up, photo array or other identification procedure. Mangram v. United States, 418 A.2d 1071 (D.C. 1980);
E. The names, addresses and telephone number of all witness(es) who identified someone other than my client as the perpetrator. United States v. Bolden, 169 U.S. App. D.C. 60, 514 F.2d 1301 (1975); United States v. Ash, 413 U.S. 300, 318-319 (1973);
F. The names, addresses and telephone number of all persons who have expressed reluctance or equivocation in their identification of my client. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968);
G. The names, addresses and telephone number of all persons who have stated that the defendant was not the perpetrator. United States Ex Rel Meers v. Wilkins, 396 F.2d 135 (2nd Cir. 1964);
H. The results of all fingerprint reports where latent fingerprints were recovered that did not belong to my client, whether or not the latent prints have been identified;
I. Legible copies of any and all search warrants and accompanying affidavits, as well as all statements the prosecution intends to introduce at trial made by any co-defendant in this case. Bruton v. United States, 392 U.S. 123 (1968).

11. Informants and Cooperating Witnesses

The defendant requests the provision of all relevant information concerning any informants or cooperating witnesses involved in this case and, in particular, the

4

Discovery Request
Page five

identification and location or any informant(s) and/or cooperating witness(es), as well as the identity and location of any other percipient witnesses unknown to the defendant. Rovario v. United States, 353 U.S. 53 (1957).

12.   Bias Evidence
The defendant requests any evidence that any prospective prosecution witness is biased or prejudiced against him, or has a motive to testify falsely or distort his or her testimony at trial. Pennsylvania v. Ritchie, 480 U.S. 39 (1987); United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988).

13.   Witness' Criminal Acts/Investigation
The defendant requests that the prosecution disclose any evidence that any potential prosecution witness has engaged in any criminal act, whether or not it has resulted in a conviction, or even a prosecution, and whether any witness has made a statement favorable to the defendant. F.R.E. 608, 609, 613. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Thomas v. United States, 343 F.2d 49 (9th Cir. 1965). This request also include the prompt provision of any evidence than any prospective prosecution witness is under investigation by federal, state or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2nd Cir. 1985).

14.   Evidence Affecting Witness Perception, Recollection, or Communication
The defendant requests that the prosecution disclose any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, recall, communicate or tell the truth is impaired, as well as any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980).

15.   Statements Relevant to the Defense
The defendant requests that the prosecution disclose any statement that may be "relevant to any possible defense or contention" that may be asserted. United States v. Bailleauz, 685 F.2d 1105 (9th Cir. 1982). This request includes any statement made by percipient witnesses.

16.   Prosecution Examination of Law Enforcement Personnel Files
The defendant requests that the prosecution examine the personnel files and any other files within its custody, care or control, or that could be obtained, which are related to all testifying law enforcement officers or agents, who may have been controlling or contacting any confidential informant in this case. The defendant further requests that these files be reviewed by the prosecuting attorney for any evidence of perjurious conduct or similar dishonesty, or any other material relevant to impeachment or any

5

Discovery Request
Page six

information that is exculpatory.  <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>United States v. Jennings</u>, 960 F.2d 1492 (9th Cir. 1992).

    Your prompt assistance is appreciated.

                              Sincerely,

                              Gary M. Sidell