UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-123 (JR) |
| | : | |
| v. | : | |
| | : | |
| DAMION CAMPBELL, | : | |
| also known as Damo, | : | |
| Defendant. | : | |

_____

**GOVERNMENT'S MOTION IN LIMINE FOR ADMISSION OF CERTAIN EVIDENCE
PURSUANT TO RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby moves in limine for admission of certain "other crimes" evidence pursuant to Federal Rule of Evidence 404(b). In support of this motion, the United States respectfully relies on the following representations, points, and authorities, and any others that may be cited at a hearing on this Motion:

**FACTUAL BACKGROUND**

**The Charges**

Defendant is charged with three counts of Unlawful Distribution of 5 Grams or More of Cocaine Base, in violation of Title 21, United States Code, §§ 841(a)(1) and 841(b)(1)(B)(iii), and three counts of Unlawful Distribution of Cocaine Base within 1000 Feet of a School, in violation of 21 U.S.C. § 860. The indictment arose from a series of three separate controlled purchases of cocaine base from the defendant, on May 9, June 13, and July 2, 2002. On each occasion, a cooperating witness (CW), working under the supervision of agents with the Federal Bureau of Investigation, met with the defendant in or around a parking lot in the 4200/4300 block of Fourth Street, S.E., Washington, D.C., known as the "Second Court". On each occasion,

based on their previous dealings, the CW, who knew the defendant by name, was able to approach defendant for the purpose of making the buy without an advance call and without introduction through an intermediary. And on each occasion, the defendant sold over 5 grams of crack cocaine to the CW. Specifically, the evidence at trial will show that, on May 9, the defendant sold the CW 20.1 grams of crack cocaine, for $900; on June 13, the defendant sold the CW 18.4 grams of crack cocaine, for $1200; and on July 2, the defendant sold the CW 18.7 grams of crack cocaine, for $1200. The June 13 and July 2 transactions were recorded by way of an audio recording device secreted on the CW's person.[1]

## The Proposed Rule 404(b) Evidence

The government seeks to introduce certain evidence of the defendant's prior uncharged criminal activity as background information showing his relationship to the CW who will testify at trial, and for other non-character purposes. Specifically, before the CW testifies specifically about controlled purchases in this case, the government seeks to elicit the following testimony from the CW:

The CW has known the defendant for over 10 years, and first bought crack cocaine from him in approximately 1996 or 1997. At that time, the defendant was selling crack cocaine on 6th Street, S.E., and also in the 4200/4300 blocks of Fourth Street, S.E., the area where the charged offenses took place in this case. Beginning in approximately 1996 or 1997, defendant sold CW crack cocaine in the following quantities, and for the following approximate prices: "quarters" (1/4 ounce, approximately 7 grams for $250-300), "eight-balls" (1/8 ounce, approximately 3.5 grams for $125-150), and "wholesales" (10 "dime" bags for $50 or 20 "dime" bags for $100).

---

[1] The CW was also wearing the audio recording device during the first transaction, on May 9, 2002, but the equipment did not function correctly.

Over the years, up to the controlled buys charged in this case, CW frequently purchased each of these quantities, or combinations of these quantities of crack cocaine, from the defendant on at least ten occasions (per quantity). The CW, in turn, would break down the quantities of crack cocaine he purchased from the defendant, and would sell the crack cocaine in street-level transactions for a profit.

Since approximately 1996 or 1997, through the time of the controlled buys in this case, CW considered the defendant one of several different sources from whom the CW would regularly purchase crack cocaine for purposes of street-level re-distribution. The CW's relationship with the defendant was an informal one. Much like the controlled buys in this case, previous transactions between the CW and the defendant typically took place with little advance notice or prior arrangement.

## DISCUSSION

Rule 404(b) of the Federal Rules of Evidence provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b). The rule is one of inclusion rather than exclusion. See United States v. Bowie, 232 F.3d 923, 929-30 (D.C. Cir. 2000) ("'[A]lthough the first sentence is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of other crimes evidence 'in but one circumstance'—for the purpose of proving that a person's actions conformed to his character."). Indeed, the rule prohibits "only that which lacks any purpose but proving character." Id. at 930.

The analysis proceeds in two steps, beginning with the question of relevance. Id. The

Court determines whether "the other crime or act [is] relevant and, if so, relevant to something other than the defendant's character or propensity. If yes, the evidence is admissible unless excluded under other rules of evidence such as Rule 403." Id. Here the government seeks to introduce 404(b) evidence, not solely to prove the defendant's character, but rather as background information to show defendant's relationship with the cooperating witness, which is essential to understand and evaluate the evidence of distributions in this case.

This purpose is permissible under Rule 404(b). Our Court of Appeals has held that evidence which provides necessary background information, explains the relationship between witness and defendant, or shows the nature of a co-conspirator's role in the criminal scheme constitutes a permissible purpose under FRE 404(b), even when that evidence reveals prior criminal activity by the defendant. See, e.g., United States v. Edmonds, 69 F.3d 1172 (D.C. Cir. 1996); see also United States v. Clarke, 24 F.3d 257, 263 (D.C. Cir. 1994) (upholding admission of cooperator's testimony that he had been involved in at least 25 prior drug transactions with the defendants). Edmonds upheld the admission of prior uncharged criminal acts that provided essential background information. There, the defendant was charged with conspiracy to distribute more than fifty grams of cocaine base, and a government witness who was a member of the conspiracy testified that he sold drugs for the defendant "'over a hundred times' during the previous nine years.'" Id. at 1174. The Court of Appeals found the other crimes evidence admissible for the permissible purpose of showing motive, as the government used the evidence to show that defendant was a supplier of the government witness, and not vice versa as the defense contended. As in Edmonds, here the Government is seeking to show why the defendant engaged in a particular behavior (i.e., why the defendant was willing to meet with the CW for several minutes, on three separate occasions, when the CW arrived without advance notice ), and

4

evidence concerning the prior relationship between the defendant and the cooperating witness is essential to the explanation of that behavior.

Clarke also involved the admission of 404(b) evidence that provided essential background information about the defendant's relationship to the cooperating witness. In Clarke, defendants were charged with conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine, and the trial court admitted testimony of a cooperating witness that he had been involved in at least 25 prior drug transactions with the defendant. Clarke, 24 F.3d at 263. The Court of Appeals upheld admission of the testimony, holding that the evidence of the previous drugs transactions was permissible for a number of non-character purposes including: to prove that the defendants intended to act illicitly; that they intended to distribute the cocaine; that they intended to sell the cocaine, not hoard it for personal use; and that the defendant's presence at the scene of the drug sale was not coincidental. Id. at 264-65. "In all of these considerations," the court stated, "character [was] not what was relevant." Id.

As in Clarke, here the evidence of defendant's prior relationship with the cooperating witness provides essential background information and explains the defendant's presence at the scene—which will be a material issue at trial. At trial, the government's evidence will show that the defendant met with the cooperating witness on three separate occasions. During two of the meetings, the defendant and CW met outside in the "second court", a parking lot in the 4200/4300 block of Fourth Street, S.E., and then walked into an apartment building together. During the third meeting, the defendant and the CW again met in the "second court," and the defendant subsequently distributed crack cocaine to the CW. Each of these encounters lasted several minutes at most, and each resulted in the witness returning with a substantial quantity of

crack cocaine. The CW will testify that the defendant distributed crack cocaine to him during each meeting. The outcome of the case, therefore, will depend on whether the jury concludes that defendant and cooperating witness met each time for a narcotics transaction, or for some other purpose.

The evidence is also helpful for other non-character reasons. In addition to showing the relationship between the defendant and the cooperating witness, it explains other key evidence in the case and gives the jury context in which to view the evidence. For example, the 404(b) evidence explains how the cooperating witness knew the defendant, and how he knew the defendant would be in a position to sell drugs to him, and how he knew the defendant would be willing and able to sell him nearly one-ounce quantities of crack cocaine. The 404(b) evidence also explains how the defendant and the cooperating witness could arrive at the terms of each of the three deals, such as type of drug, price, and quantity, without discussing specific details. The evidence will show, for example, that defendant and CW never explicitly discuss "crack" by name, and there is little discussion of price. On each of the three occasions, the CW simply handed the defendant a large sum of cash in exchange for drugs; and on one of those occasions (May 9), the defendant gave CW $100 in change. The CW will testify that the type of narcotic, the price, and the quantity sought for the amount of cash tendered were all implicit and did not need to be expressly mentioned. That is based in large part on the CW's relationship and business history with the defendant. Accordingly, absent background information explaining why and how such terms were implicitly understood, only an unrealistic version of events would be presented to the jury.

Regarding the second inquiry of admissibility under Rule 403, here numerous factors show that the probative value of admitting the 404(b) evidence is not "substantially outweighed

by the danger of unfair prejudice." See Fed. R. Evid. 403.  First, the probative value of the evidence is high—as explained above, it is necessary to understand the evidence in the case. Second, any risk of unfair prejudice is low because the source of the 404(b) information is a cooperating witness with a criminal record, not a law enforcement official.  Thus, there is no danger of the jury accepting his testimony without proper scrutiny.  Moreover, defense counsel will have ample opportunity to portray this sole source of 404(b) information as lacking credibility.  Third, the jury will already be hearing testimony from the cooperating witness that defendant engaged in multiple drug transactions involving significant drug quantities, namely the three transactions charged in the Indictment.  Moreover, the jury will hear how, in a recorded conversation of the June 13, 2002, transaction, the defendant himself bragged about the quality of his crack cocaine and the robust nature of his business.  Defendant boasted to the CW that the other drug sellers on the block were selling "doo doo" and stated "I don't even like selling dimes anymore."  Thus, any prejudice occasioned by the 404(b) evidence will be marginal.  Finally, the court's limiting instructions will even further reduce any risk of unfair prejudice.

**CONCLUSION**

WHEREFORE, the United States respectfully requests that this Motion be GRANTED, and that the United States be permitted at trial to introduce background evidence concerning the relationship between the defendant and the cooperating witness, including prior drug transactions, pursuant to Rule 404(b) of the Federal Rules of Evidence.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar # 498-610

ARVIND K. LAL
Assistant U.S. Attorney
D.C. Bar # 389-489

By:      /s/
MATTHEW P. COHEN
Assistant U.S. Attorney
D.C. Bar # 469-629
Organized Crime and Narcotics Trafficking Section
555 4th Street, N.W., Rm. 4118
Washington, D.C. 20530
(202) 514-7427 office
(202) 514-8707 facsimile