

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

**FILED**

SEP 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Judiciary Center*
*555 Fourth St , N.W.*
*Washington, D C   20530*

September 12, 2007

Gary M. Sidell, Esquire
1776 K Street, N.W.
Suite 800
Washington, D.C. 20006

Re: <u>United States v. Damion Campbell</u>, 07-123

Dear Mr. Sidell:

      This letter confirms the agreement between your client, Damion Campbell, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

<u>Damion Campbell's Obligations, Acknowledgments and Waivers</u>:

      1.    Your client, Damion Campbell, agrees to admit guilt and enter a plea of guilty to Count One of the pending Indictment, which charges your client with Distribution of 5 Grams or More of Cocaine Base, also known as crack cocaine, in violation of Title 21, United States Code §§ 841(a)(1) and 841(b)(1)(B)(iii). Your client understands that pursuant to 21 U.S.C. § 841(b)(1)(B)(iii) the charge carries a penalty of a term of imprisonment of not less than five years and not more than 40 years, a fine not to exceed the greater of that authorized by Title 18 of the United States Code or $2,000,000, and a term of supervised release of at least four years. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that pursuant to 18 U.S.C. Section 3571 and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

2. Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for more than 50 grams but less than 150 grams of cocaine base, also known as crack, which quantity represents the total amount involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute.

3. Your client and the Government agree that a sentence range of 60 to 66 months is the appropriate sentence of imprisonment for the offense(s) to which your client is pleading guilty. <u>This agreement does not limit the fine or period of supervised release that the Court may impose in this case; the maximum fine and period of supervised release, which are subject to the statutory limitations, are detailed in paragraph (1) of this plea agreement</u>. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement.

4. Should the Court not agree that the sentence agreed upon by the parties is appropriate, and your client does not withdraw his plea, your client and the Government agree to the following: Your client will be sentenced according to Title 18, United States Code, Sections 3553(a) and 3553(c) through (f) and upon consideration of the United States Sentencing Guidelines. The Government agrees that it will not seek any additional increases in your client's base offense level other than the increase set forth in paragraph two. The Government further agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines  Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

5. Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release. This Office also agrees to allow your client to self

surrender to the Bureau of Prisons.

6.   In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

7.   Your client understands this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of supervised release and fine up to the maximum allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

8.   Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement. The Government acknowledge's your client's right to withdraw from this agreement if the Court rejects this agreement, as set forth in Paragraph 3 of this agreement.

The Government's Obligations, Acknowledgments and Waivers

9.   This Office will request that the Court dismiss the remaining counts of the indictment in this case at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

10.  If your client is sentenced upon consideration of the Sentencing Guidelines, rather than pursuant to paragraph three of this agreement, the following terms apply: The Government agrees that the base offense level for the crimes to which your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. Your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any

reason from the otherwise applicable guideline range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his/her the plea of guilty in this case in the event sentence is imposed pursuant to this paragraph rather than pursuant to paragraph three. Based on the relevant conduct discussed in paragraph two, your client agrees that his guideline offense level, before any acceptance of responsibility adjustment pursuant to this paragraph, shall be Level 32. Counsel for the parties estimate that based upon the information currently available, your client's criminal history score would place him in criminal history category III. The resulting range for that offense level and that criminal history category is 151 to 188 months. If your client receives three points off for acceptance of responsibility, thereby reducing the offense level to 29, the resulting range is 108 to 135 months. Your client also understands that if certain changes to the Guidelines go into effect on or about November 1, 2007, your client's offense level may be reduced another two levels to a Level 27, thereby reducing his sentencing range to 87 to 108 months.

General Conditions

      11.    This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

      12.    This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

13. There are no other agreements, promises, understandings or undertakings between your client and this Office . Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Sincerely yours,

*/s/ JAT/MPC*

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

*/s/ Arvind K. Lal*

Arvind K. Lal
Matthew P. Cohen
Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Gary Sidell, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 9/12/07

*/s/ Damion Campbell*
Damion Campbell
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 9/12/07

*/s/ Gary M. Sidell*
Gary M. Sidell, Esquire
Attorney for the Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-123 (JR) |
| | : | |
| v. | : | VIOLATION: 21 U.S.C. §841 |
| | : | |
| DAMION CAMPBELL | : | (Distribution of Five Grams |
| Defendant. | : | or More of Cocaine Base) |
| | : | |

PROFFER OF EVIDENCE

If this case were to go to trial, the government's evidence would establish beyond a reasonable doubt that on or about May 9, 2002, a confidential informant working with the FBI met with the defendant, Damion Campbell, and made arrangements to purchase a quantity of cocaine base, also known as crack cocaine. The informant and Mr. Campbell met in the 4200 block of Fourth Street, S.E., Washington, D.C., and at that time, Mr. Campbell gave the informant three plastic bags, each of which contained a rock like substance in exchange for $900. The Drug Enforcement Administration's Mid-Atlantic Laboratory subsequently analyzed the substance that the defendant had given the undercover officer and found it to be 20.1 grams of cocaine base, also known as crack. At the time that the defendant gave the crack cocaine to the informant, the defendant did so knowingly and intentionally and knew that the substance was a controlled substance.

Respectfully submitted,

JEFFREY A. TAYLOR, Bar No. 498610
United States Attorney

_____
ARVIND K. LAL, Bar Number 389489
MATTHEW P. COHEN, Bar No. 469629
Assistant United States Attorneys
Organized Crime and Narcotics Trafficking Section
555 4th Street, N.W., Room 4237
Washington, DC 20530
202-353-8833 (Lal)
202-514-7427 (Cohen)

## DEFENDANT'S ACCEPTANCE

I have read the Proffer of Evidence setting forth the facts as to my participation in the distribution of five grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii). I have discussed this proffer fully with my attorney, Gary Sidell, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 9/12/07                          _____
                                        Damion Campbell
                                        Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence as to my client's participation in the distribution of five grams or more of cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii). I have reviewed the entire proffer with my client and have discussed it with him fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 9-12-07                          _____
                                        Gary M. Sidell, Esquire
                                        Counsel for Damion Campbell