UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| V. : | 07-123(JR) |
| : | SENTENCE: November 29, 2007 |
| DAMION CAMPBELL : | 9:30 a.m. |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF SENTENCE

Pursuant to the provisions of F. R. Cr. P. 49 and L. Cr. R. 49.1, defendant Damion Campbell, by his attorney, Gary M. Sidell, hereby submits his memorandum in support of sentence.  Mr. Campbell is currently scheduled to be sentenced on Thursday, November 29, 2007, at 9:30 a.m.  At his sentencing, Mr. Campbell expects to request that this Honorable Court impose, as its sentence, a term of 60 months, the mandatory minimum sentence required by 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).  Moreover, Mr. Campbell expects to request that no fine be imposed in light of his indigency and that no payment of restitution be assessed since there was no individual loss.  Finally, Mr. Campbell will urge this Honorable Court to permit his self-reporting in part so that he may be permitted to deal with his upcoming traffic case in D.C. Superior Court (CTF-21092-07), now set for a January 14, 2008 hearing.  This memorandum provides Mr. Campbell's bases for these requests.

1. On September 12, 2007, Mr. Campbell entered a guilty plea to a single count of distribution of five (5) grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(B)(iii), as contained in a six (6) count indictment. That indictment was returned on May 9, 2007. The date of the events underlying this plea was five (5) years earlier on May 9, 2002.

2.   Mr. Campbell's F.R.Cr.P. 11(c)(1)(C) plea agreement with the United States Attorney limits the sentencing range from the mandatory minimum five years, required by statute, to a maximum of sixty-six (66) months, depending upon the respective positions of the parties.

3.   Since Mr. Campbell's admitted involvement with the sale of cocaine base to a paid informant on May 9, 2002, he has been able to withdraw from the drug trade, find and maintain gainful employment for many years, usually with two (2) simultaneous jobs, and provides, and has provided, voluntary (non-court ordered) child support for his 15 year old son with whom he maintains a close relationship. Mr. Campbell's current jobs involve work as a porter for office buildings in the downtown District of Columbia area. Until recently, Mr. Campbell's second, part-time job was working for a parking garage. When the companies for whom he has worked have lost their maintenance contracts, Mr. Campbell has been able to continue working at the same location for the replacement company, or for the same company under a new, and later, contract elsewhere. In short, Mr. Campbell has generated for himself a track record as a reliable, trustworthy and productive employee for a variety of businesses where high employee turnover is the norm.

4.   Mr. Campbell has recognized the importance of completing his high school education by obtaining his GED more than seven (7) years ago, at age 29, despite having left high school a decade earlier as a teenager, representing, we suggest, a real accomplishment for someone well into adulthood.

5. Mr. Campbell has prior convictions for leaving after colliding (1995, probation), carrying a pistol without a license (1997, 10 months served, balance suspended, probation), driving without a valid permit (2001, security posted and forfeited), possession of marijuana (2001, probation) and driving while intoxicated and reckless driving (February, 2002, probation). Hence, Mr. Campbell has several prior convictions, although none for violent crimes, sixty (60%) percent of which were traffic related, and served a maximum term of ten (10) months ten (10) years ago. Otherwise, Mr. Campbell has served probationary sentences all of which expired without revocation. However, due to these prior convictions, Mr. Campbell is ineligible for the "safety valve" exception to the otherwise applicable mandatory minimum sentence he now faces since he has more than a single criminal history point. 18 U.S.C. § 35553(f)(1).

6. Imposition of a criminal sentence must consider a variety of factors, as detailed in 18 U.S.C. §3553, in order to fulfill the following four (4) traditional objectives:

(A) imposition of just punishment for committing the offense;

(B) provision of deterrence to criminal conduct;

(C) protection of the public from further crimes by the defendant; and

(D) provision of needed educational or vocational training, medical care or other corrective treatment to the defendant. 18 U.S.C. §3553(a) (2).

7. In achieving the four (4) objectives listed above, various considerations of both the nature and circumstances of the offenses involved, as well as the characteristics of the defendant, must be evaluated. In this case, Mr. Campbell submits that the sole issue is whether a sentence of five (5) years in prison is adequate punishment for a crime that he committed more than five (5) years ago when, as the Court observed in jest at the disposition hearing, he was "young and stupid." Indeed, since that time, Mr. Campbell has become older and wiser, by

demonstrating that he has established a stable and productive life for himself and role model for his son. Alternatively, the prosecution will argue that a term of sixty-six (66) months is an appropriate prison term. Mr. Campbell, however, submits that a term of five (5) years is adequate, if not more than adequate, punishment.

8. Mr. Campbell submits that the second and third objective, as identified above, may be satisfied simultaneously, as a result of not only the sentence to be imposed in this case, but his accomplishments of the past five (5) years. Mr. Campbell has demonstrated an aggressive ability to find work for himself, not only when it's convenient, but to have two (2) jobs working close to the equivalent of two (2) full time jobs. If one job ends, through no fault of his own, Mr. Campbell's solution is simply to find another job and to do so quickly. Given his employment schedule, there are a sorely limited number of hours available for things other than sleep, commuting to and from work, and family.[1] Mr. Campbell's commitment to his son is one which he takes seriously and, at this stage, tries to set an appropriate example since he is acutely aware of the consequences of misconduct. Such a consideration is a powerful factor in satisfying the second and third sentencing goals above.

9. The fourth sentencing factor noted above is addressed, if not satisfied, by Mr. Campbell's receipt of his GED in 2000. As a result, he has already a more than basic education. Moreover, he has put that formal education to use in his ability to find and keep employment, and to manage his financial affairs given his limited income. Therefore, Mr. Campbell already has the educational foundation and capabilities to obtain gainful employment upon his release from custody without further formal education or vocational training. Certainly, additional

---

[1] Indeed, despite his awareness of the importance of this case, Mr. Campbell repeatedly demonstrated a consistent interest in speaking with counsel only outside of his normal work schedule. With only a rare exception, he was able to satisfy his employers' expectations without seeking permission to miss work.

education can serve only to enhance Mr. Campbell's employment prospects, a consideration that he intends to pursue.

10.     By virtue of Mr. Campbell's plea, pursuant to the provisions of Rule 11(c)(1)(C), the parties have not only narrowed the potential range of any prison sentence to six (6) months, (the mandatory minimum statutory sentence required, (60 to 66 months), they have also reduced Mr. Campbell's exposure to the otherwise applicable USSG range of 100-125 months (offense level 27, criminal history IV).  Hence, Mr. Campbell submits that, although sentences within Guideline ranges are presumptively reasonable, post Booker, 543 U.S. 220 (2005), Rita v. United States, No. 06-5754, 2007 WL 1772146 (June 21, 2007), a five (5) year term notwithstanding that it is substantially less than 100 months, is a reasonable result under the circumstances of not only the prosecution's case, but by consideration of the characteristics of Mr. Campbell as well. 18 U.S.C. § 3553(a)(1).  As a result, Mr. Campbell urges this Honorable Court to impose the mandatory minimum term of five (5) years, but only that term, as the punishment to be paid for his 2002 conduct.  Mr. Campbell is acutely aware that, after completion of his prison term, he will need to start over by finding new employment, reestablishing his relationship with his family and finding another residence.  Those are further factors which, he submits, weigh additionally on the "punishment" side of the scale since he must now forfeit that stability he has been able to create over the past several years.

11.     Based on the foregoing, in addition to any further information provided at the November 29, 2007 sentencing hearing, Mr. Campbell urges this Honorable Court to impose as a sentence here the mandatory minimum prison term of five (5) years, and to waive imposition of any financial fine due to his indigency.  Moreover, he urges that no restitution be ordered since there was no identifiable victim, see, PSR @ paragraph 12, in addition to consideration of his

5

financial condition.  He further submits that drug testing, treatment or counseling is unnecessary based on his consistently negative drug test results throughout this case, see PSR @ paragraph 61, although alcohol abuse counseling may well be appropriate.   Furthermore, Mr. Campbell urges that this Honorable Court recommend to the Bureau of Prisons that a prison location close to the Washington, D.C. metropolitan area be selected in order to permit potential family visitation, so that there may be some level of continuity in his ultimate transition back to his community.  18 U.S.C. § 3621(b)(4)(A),(B).  Finally, Mr. Campbell requests that he may be permitted to self-report at a time after January 14, 2008, so that he may address his traffic case pending in D.C. Superior Court on that date.

                Respectfully submitted,

                _____\s_____
                Gary M. Sidell
                1776 K Street, NW
                Suite 800
                Washington, D.C. 20006
                D.C. Bar No. 961847
                202-783-0060
                Email: suitcase@erols.com
                Attorney for Damion Campbell

## CERTIFICATE OF SERVICE

  I hereby certify that I have caused this pleading to be filed electronically by ECF to all parties to this case this 128h day of November, 2007.

_____\\s\\_____
Gary M. Sidell